IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHELLE RENEE LAMB,**

    **Plaintiff,**

    v.                                                           **CASE NO. 23-3239-JWL**

**LAURA KELLY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Topeka Correctional Facility in Topeka, Kansas. On November 1, 2023, the Court entered a Notice of Deficiency (Doc. 2) ("NOD") because Plaintiff's Complaint was not on a Court-approved form and she failed to either pay the civil action filing fee or to file a motion for leave to proceed in forma pauperis. The Court granted Plaintiff until December 1, 2023, to cure the deficiencies and the Clerk provided Plaintiff with the correct forms. On November 9, 2023, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 3.) The Court entered an Order (Doc. 5) denying the motion because it did not include a proposed amended complaint as required by D. Kan. Rule 15.1(a)(2), and because the Court had already instructed Plaintiff in the NOD that she must submit her complaint on the Court-approved form that was provided to her.

Plaintiff has now submitted her Complaint (Doc. 6) on the Court-approved form. However, she then filed her Second Motion for Leave to File an Amended Complaint (Doc. 7). In the motion, Plaintiff indicates that she would like to add another plaintiff to her Complaint. Again, Plaintiff has failed to include a proposed amended complaint as required by D. Kan. Rule 15.1(a)(2). Therefore, the Court denies the motion.

1

The Court will give Plaintiff a final opportunity to submit a complete amended complaint on the Court-approved form that includes all the claims she intends to pursue in this action. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3239-JWL) at the top of the first page of her amended complaint and she must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where she must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

In submitting an amended complaint, Plaintiff is cautioned as follows regarding adding plaintiffs to her case.[1] The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for in forma pauperis status. 28 U.S.C. § 1915(b)(1). This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay

---

[1] The Court also notes that all parties are required by the Court's local rules and the Federal Rules of Civil Procedure to sign pleadings. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); D. Kan. Rule 9.1(a)(3) ("The following filings must be in writing, signed, and verified (meaning sworn under penalty of perjury) . . . civil rights complaints by prisoners . . ..").

the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

In addition, plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs").

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Second Motion for Leave to File an Amended Complaint (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 18, 2023,** in which to submit a complete amended complaint on the Court-approved form as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff must comply with the Court's NOD by **December 1, 2023**, by either paying the entire filing fee or a motion for leave to proceed in forma pauperis. Failure to comply by the Court's deadline may result in dismissal of this action without further notice for failure to comply with the Court's order.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 17, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**