IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHELLE RENEE LAMB,**

    **Plaintiff,**

    v.                                                  CASE NO. 23-3239-JWL

**LAURA KELLY, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Topeka Correctional Facility in Topeka, Kansas ("TCF"). Plaintiff has paid the filing fee. The Court screened Plaintiff's Amended Complaint (Doc. 12), and on December 12, 2023, entered a Memorandum and Order (Doc. 13) ("M&O") directing Plaintiff to show good cause why Plaintiff's claims against Governor Kelly and John and/or Jane Does 1–10 should not be dismissed for the reasons stated in the M&O. The Court also found that Plaintiff's claim seeking to have her disciplinary record expunged must be brought as a petition for habeas corpus under 28 U.S.C. § 2241.[1] This matter is before the Court on Plaintiff's responses (Docs. 16, 17). Plaintiff's factual allegations and the Court's screening standards are set forth in the Court's M&O.

The Court found in the M&O that Plaintiff's claims against Governor Kelly are barred by Eleventh Amendment immunity and that the Governor does not fall within the *Ex parte Young* exception to immunity. (Doc. 13, at 5–6.) In her response, Plaintiff agrees that her claims

---

[1] The Court also found that the proper processing of Plaintiff's remaining claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate KDOC officials to prepare and file a *Martinez* Report. The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." The Report is not yet due.

1

against Governor Kelly should be dismissed. (Doc. 16, at 1) ("Petitioner hereby dismisses Defendant Governor Laura Kelly from the above captioned complaint.").

The Court also found in the M&O that Plaintiff's claims against John and/or Jane Does 1–10 are subject to dismissal. (Doc. 13, at 6–8.) The Court noted that "[w]hile a plaintiff initially may sue unknown defendants by naming them as "John Doe," that permission does not last forever." *Id*. at 7. "[T]he Federal Rules of Civil Procedure [do] not permit such actions against unnamed defendants following a suitable length of time for the plaintiff to identify the John Does." *Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012) (unpublished). The Court noted in the M&O that "Plaintiff filed this lawsuit on November 1, 2023, and has not identified the Doe defendants, or alleged any facts capable of supporting a claim against them, whoever they are." (Doc. 13, at 7.)

In her response, Plaintiff names three of the John/Jane Doe defendants and agrees to dismiss the remaining seven. (Doc. 16, at 1–2.) Plaintiff names: Dona Hook, TCF Major; T.R. Shoulders, CSIII at TCF; and Linda Hall-Viera, UTM at TCF. *Id*. This satisfies the concern over identification of the unnamed defendants, but the Court also found in the M&O that Plaintiff must allege how each defendant personally participated in the deprivation of her constitutional rights. (Doc. 13, at 6.)

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal

involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

In her response, Plaintiff claims that the three newly-named Doe defendants are "members of the 'Hater Staff' and/or just 'Haters'." (Doc. 16, at 2.) Plaintiff's Amended Complaint does not make allegations regarding the John/Jane Doe defendants. Plaintiff only mentions a small group of "hater staff" in her request for relief. (Doc. 12, at 13.) The Court found in the M&O that a reference to "staff" is insufficient. An assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or to show personal responsibility by an individual defendant. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249–50 (10th Cir. 2020) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). A plaintiff alleging civil rights violations must "isolate the allegedly unconstitutional acts of each defendant" such that her allegations "provide adequate notice as to the nature of the claims against each" defendant. *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Allegations that a plaintiff's "rights 'were violated' or that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations" are insufficient to support § 1983 claims. *Pahls*, 718 F.3d at 1228 (citations omitted). Although Plaintiff has now identified three of the John/Jane Doe defendants, she has failed to show good cause why these defendants should not be dismissed for failure to show that any of these defendants personally participated in the deprivation of her constitutional rights.

The Court also found that Plaintiff's claim seeking to have her disciplinary record expunged must be brought as a petition for habeas corpus under 28 U.S.C. § 2241. Plaintiff argues in her response that this issue relates to causes of action in her Amended Complaint. (Doc. 17.) The Court will address this issue when screening her Amended Complaint after the Court has received the *Martinez* Report in this case.

4

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims against Governor Kelly and John and/or Jane Does 1–10 are **dismissed**.

**IT IS FURTHER ORDERED** that the Court will screen Plaintiff's Amended Complaint after receiving the *Martinez* Report ordered in the Court's M&O at Doc. 13. No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report has been prepared. Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint.

**IT IS SO ORDERED.**

Dated January 10, 2024, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE