IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHELLE RENEE LAMB,**

    **Plaintiff,**

    v.                                                       CASE NO. 23-3239-JWL

**LAURA KELLY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff, a transgender female, is incarcerated at the Topeka Correctional Facility in Topeka, Kansas ("TCF"). On July 8, 2024, the Court entered a Memorandum and Order (Doc. 38) dismissing this action for failure to state a claim. This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 40). Although the motion was not filed with the Court until July 12, 2024, Plaintiff signed the motion and dated it July 8, 2024. Therefore, it appears that Plaintiff submitted the motion for filing prior to receiving notice of this Court's Memorandum and Order dismissing this case.

Plaintiff's motion reargues the merits of her claims, and seeks an injunction ordering Defendants "to place Petitioner in 'J' or 'Central Unit' the only General Population units at TCF, with full privileges afforded all other residence [sic] here in General Population." (Doc. 40, at 7–8.) To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th

Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004). Plaintiff has not shown a likelihood of success on the merits because the Court has dismissed this matter for failure to state a claim. In dismissing this case, the Court found that "Plaintiff has not shown that her housing assignment subjects her to atypical and significant hardship in relation to the ordinary incidents of prison life" and that she "failed to show good cause why her due process claim should not be dismissed." (Doc. 38, at 8.)

Plaintiff has not shown that she is entitled to relief if the Court considers the motion as a motion to alter or amend the judgment in this case. Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court would treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the*

*Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In dismissing this matter, the Court considered Plaintiff's response (Doc. 29) to the Court's Memorandum and Order directing her to show good cause why this matter should not be dismissed.  Plaintiff's current motion reiterates her arguments.  Nothing in Plaintiff's motion warrants reconsideration of the Court's Memorandum and Order dismissing this case.  Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its July 8, 2024 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Preliminary Injunction (Doc. 40) is **denied.**  This case remains closed.

**IT IS SO ORDERED.**

**Dated July 15, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
