IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHELLE RENEE LAMB,**

    **Plaintiff,**

    v.                            CASE NO. 23-3239-JWL

**LAURA KELLY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff, a transgender female, is incarcerated at the Topeka Correctional Facility in Topeka, Kansas ("TCF"). On July 8, 2024, the Court entered a Memorandum and Order (Doc. 38) dismissing this action for failure to state a claim. On July 15, 2024, the Court denied Plaintiff's Motion for Preliminary Injunction. (Doc. 41.) This matter is before the Court on Plaintiff's Motion for Reconsideration and for Leave to File an Amended Complaint (Doc. 42). Plaintiff has also filed a Motion to File Exhibit Under Seal (Doc. 44). The Court grants the motion to file under seal. The exhibit, which is provisionally sealed at Doc. 43, shall be filed under seal.

Plaintiff's motion for reconsideration asks this Court to reconsider it July 8, 2024 Memorandum and Order dismissing this case, and its July 15, 2024 Memorandum and Order denying Plaintiff's motion for preliminary injunction. Because Plaintiff's motion was filed within 28 days after the entry of the orders, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of*

1

*Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete,* 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff claims that the Court "made numerous errors in judgment and mistake[s] that produced the false belief that Petitioner had not stated a claim which gave rise to a cause of action." (Doc. 42, at 2.) Plaintiff then suggests that "[b]y ordering a Martinez report the Court has pre-determined that Petitioner's Complaint is not frivolous." *Id*. at 4. The Court did not pre-determine the merits of her claims when ordering a *Martinez* Report. In fact, the Court's Memorandum and Order provides that "[t]he Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials." (Doc. 13, at 11.)

Plaintiff also asserts that she has not lied or deceived the Court. (Doc. 42, at 5.) Plaintiff submits an exhibit (Doc. 43) consisting of a 1993 letter to the Kansas Parole Board from an officer at the El Dorado Correctional Facility. The letter was provided to assist the board in evaluating Plaintiff for parole. (Doc. 43, at 2.) Plaintiff submits the letter as a "character witness as to [her] reputation, and good conduct." (Doc. 44, at 1.) The 1993 letter is not relevant to the claims in this case. The dismissal was not based on Plaintiff's character, but rather on her failure to state a claim for relief.

Plaintiff also claims that she was never informed that the Flesher Report was sent to the Court, and argues that "[i]t should not have been" and that mental health staff agreed that the report "was completely contrary to all other evaluations of [Plaintiff] spanning more than 20 years, and had zero value as a mental health report." (Doc. 42, at 5.) Plaintiff alleges that counsel for the KDOC sent the report to the Court to deceive the Court into believing the report was valid, thus prejudicially influencing the Court's decision. *Id*. Plaintiff asks the Court to dismiss the report as frivolous, arbitrary, and capricious. *Id*. at 6. The Court is not aware of the "Flesher Report" being part of the record in this case. It was not submitted with the *Martinez* Report and the only sealed exhibit to the Report is the forensic evaluation by Michelle Calvin, LCP. (Doc. 22, sealed.) For security reasons, Plaintiff was not provided with a copy of the exhibit, but she was allowed to review the exhibit at reasonable times, upon reasonable notice. (Doc. 24, Order granting motion to seal). Although the KDOC mentioned a report that contradicted the report by Amy Swann, the author of the report was not mentioned and the report was not submitted to the Court. *See* Doc. 33, Sealed Response by KDOC.

Plaintiff asks the Court to "reinstate" the report by Dr. Swann and "fully apply it to this case." (Doc. 42, at 6.) The Swann report is not part of the record in this case. In this Court's

Memorandum and Order dismissing this case, the Court found that the KDOC's response indicated that Amy Swann's Forensic Report was not "considered, referenced, or otherwise applied by KDOC officials in determining Plaintiff's conditions of confinement, namely her eventual placement in administrative restrictive housing." (Doc. 38, at 3.) The purpose of the report was to determine if Plaintiff should be moved to TCF after her surgery; it was not intended to determine her housing assignment once she arrived at TCF. *Id*. The Court also noted that the KDOC indicated that there was a conflicting report, and that it did not rely on either report. *Id*.

Plaintiff once again argues that she was not charged with rape, noting that the victim told the prosecutor she would not testify if Plaintiff was charged with rape. (Doc. 42, at 8.) Plaintiff continues to re-argue her claims that labeling her as a sex offender is an ex post facto application of the law. *Id*. at 8–9. She also reasserts her arguments about her disciplinary report and the Defendants' interpretation of a "lewd" act. *Id*. at 9–10. She claims her due process rights were violated due to the illegal interpretation of the statute. *Id*. at 10. These arguments were all addressed in the Court's December 12, 2023 Memorandum and Order (Doc. 13), April 4, 2024 Memorandum and Order (Doc. 26), and July 8, 2024 Memorandum and Order (Doc. 38).

Plaintiff continues to make arguments about the merits of her claims. (Doc. 42, at 11–12.) Plaintiff has failed to show an intervening change in the controlling law; the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its July 8, 2024 Memorandum and Order

dismissing this case, or its July 15, 2024 Memorandum and Order denying Plaintiff's motion for preliminary injunction, and those rulings stand.

Plaintiff's motion for reconsideration is denied.  Plaintiff also asks the Court for leave to file an amended complaint; for permission to start discovery; to unseal Dr. Amy Swan's Forensic Report; to reinstate Defendants that were dismissed; for a preliminary injunction; and for a rehearing.  *Id*. at 1, 14–15.  Because the motion for reconsideration is denied and this case remains closed, Plaintiff's additional requests are likewise denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to File Exhibit Under Seal (Doc. 44) is **granted.**  The exhibit, which is provisionally sealed at Doc. 43, shall be filed under seal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration and for Leave to File an Amended Complaint (Doc. 42) is **denied.**  This case remains closed.

**IT IS SO ORDERED.**

Dated August 6, 2024, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
