In The United States District Court
For The District of Kansas, Topeka

Michelle Renee Lamb
  Petitioner pro se.,
      v.                    Case # 5:23-CV-03239-JWL
Laura Kelly
  Defendants et al

Addendum To:
Motion For Leave To File An Amended Complaint showing Good Cause as To why HER "Claims" Should not be Dismissed.

In Trujillo v. Williams, 465 F.3d 1210 (10th Cir, 2006) The Court ruled, in Prison Litigation Reform Act,
"In determining whether dismissal is proper, The Court must accept the allegations of the Complaint as true, and the Court must construe those allegations and any reasonable inferences that might be drawn from them in the light most favorable to the plaintiff." Id at HN 32
"When the prisoner is subjected to a lengthy period of Segregation, the duration of that confinement may itself be atypical and significant" Id at HN 33.
The Court concluded 305 days in such confinement is atypical and significant." As of Monday, August 5, 2024 I will have 556 days of OSR/RH/Segregation, in pod 4 of TCF.

Page 1 of 9

That my OSR/RH/Segregation is Atypical and Significant is Supported by all the facts and laws briefed on pages 11-14 of my "Motion For Leave To File an Amended Complaint showing Good Cause as to why her 'claims' should ~~be~~ not be dismissed, and in Issue #1 of Petitioners original complaint.

In FOMAN v. Davis, 371 U.S. ~~178~~ 178, 182 (1962) "This Court should grant leave freely to amend a complaint."

"Rule 15(a) declares that leave [***9] to Amend "shall" be freely given when justice so requires, this mandate is to be heeded." Id at 146.

"... The leave sought should as the rule requires be "freely" given, of course, the granting or denial of an opportunity to Amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion, it is merely abuse of that discretion and inconsistent with [***10] the spirit of the Federal Rules.

In Baily v. Shillinger, 828 F.2d 651 (10th Cir. 1987) the Court found that, "a pro se complaints are not held to [***7] specific standards at the preliminary stage." Supported by Estelle v. Gamble, 429 U.S. 97 (1976).

However, This Honorable Court has held me to the highest and most strict standard usually reserved for attorneys

Page 2 of 9

Petitioner has already provided this Court with evidence of the Defendants numerous lies, and unsubstantial innuendos contrary to the facts, but the Defendants biggest lie is:

"To ensure Plaintiff would not be in restrictive housing longer then necessary, a step-down approach was implemented to work towards integrating Plaintiff into general population." Id at Martinez Report, Page 4.

The fact that I've now been on this restrictive housing for over 18 months, forced to wear Segregation Brown and be escorted by two officers every where I go exposes this as a lie, along with the any Swan Report, proving these restrictions are not necessary. For more evidence see, Petitioners Exhibit J3a, Canteen order, Delivered 6/27/24 showing just a few of the items I'm not allowed to order on the RH status, including makeup, toilet paper, and soap.

Exhibit J4 showing UTM Hull-Vieira, taking 15 minutes from my 1 hour yard Time, Dated 5/29/24; note, there is no morning briefing. Just another lie.

Exhibit DR 4, my original "LAMB CSR" no Date, but 18 months old, showing 20 Rules and restrictions, including total isolation from other women.

Exhibit J5, showing new "LAMB CSR" Dated 3/29/24, now with 28 Rules and restrictions and total isolation from other women.

In the Courts "memorandum and order" the Court stated that I had "failed to show that her housing assignment constitutes an atypical and significant hardship."

In support of that the Court stated, as evidence that,

1. "She has monthly in-person hearings before a Restrictive Housing Review Board." Id at p.6.

That is a lie. Every request I have made to appear before that board has been denied.

2. "She is allowed to run for one hour each morning."

Only if they can find 2 officers to escort me to the yard, and then I'm restricted to a small area on the yard, and I'm denied all human contact with other women while out there, and this is not a special privilege, because everyone in pod 4 is allowed 1 hour a day exercise. However, the other women are allowed to go out with 2 other women and can talk to each other. I'm the only one being totally isolated, thus atypical.

3. "She has remained in OSR status in Restrictive Housing due to her behavior." Id at p.6

This is a perfect example of another one of the Defendants innuendos suggesting I have done something improper, without not a shred of evidence to support it.

If the Defendants had one example of behavior bad enough to justify keeping me on OSR status they would have paraded it in front of this Court with bells and whistles, but the truth is I have done nothing to deserve this OSR status.

"There must be a valid, rational connection between the prison regulation, and the legitimate government interest put forward to justify it." Hall v. Bellman, 935 F.2d 1106 (10th Cir 1991)

again, The Defendants biggest lie is that I'm in a "step-down" approach. To work towards integrating me into General Population. In 18+ months they have made no effort towards that Goal. See, Exhibits DR4 and J5.

"The purpose of the Martinez report is to identify and clarify issues plaintiff raised in his complaint, Martinez 570 F.2d at 319, also aids the Court in its broad reading of the pro se litigants pleading under Haines, 404 US at 520-21, by supplementing a plaintiff's often inadequate description of the practice that he contends are unconstitutional. The Haines Rule applies to all proceedings involving pro se litigants and to be given reasonable opportunity to remedy the defect in their pleadings." Reynoldson v. Shellinger, 907 F.2d 124, 126 (10th Cir. 1990).

In light of Haines, and all like rulings regarding the review of my work as a pro se complainant, I have the following questions:

1. Why was I taken to 4pd and put on OSR/RH?
I have asked that question over a hundred times to the administration staff, security staff and mental health staff.
The Administration staff (unit team, warden etc) refuse to answer me.
When Security and Mental Health ask they are told they don't need to know.

Page 5 of 9

more than 6 months after my placement on OSR/RH I received a copy of the letter from Ms Davis to Mr. McFake (Exhibit #2) placing me on OSR/RH status in the mail from an unknown Benefactor.

This letter has already been briefed in Petitioners Motion... as to why her "Claims" should not be Dismissed Id at p. 6-9

What has not been addressed is the fact that I never had a Due process hearing regarding this letter or any of the False Claims it makes.

"Due process mandates that an individual receive a fair and impartial hearing before an unbiased Tribunal." State v Sherry, 233 Kan 920 (1985); The determination of Due process is made upon the particular facts presented in each case." Jones v. Marquez, 526 F. Supp 870 (D. Kan 1981).

The "particular facts" in this case is that the letter is so arbitrary and capricious, not based on any Reason or evidence, and was so maliciously that it violated my 8th and 14th, Amendment right to Due Process, and has inflicted cruel and unusual punishment on me not only because of the length of time that I've had to endure this punishment but the risk it has put me at for a heart attack and/or stroke; both extremely serious medical conditions that is well Documented by both Medical and Mental Health here at TCF.

In my "Motion... as to why her Claims should not be dismissed" I made the argument that as a Transgender woman, placing me on OSR/RH status, and Isolating me from human Contact with other women worsens my Gender Dysphoria

See, Id at P 11-14, Petitioners Exhibit #14, Form 9 dated 2-26-24, and both affidavit by Michelle Renee Lamb, and Second affidavit by Michelle Renee Lamb.

In the "National Institute of Corrections Policy Review and Development Guide:"... Transgender... in custodial Setting (2013) states, "Administrative Segregation, and the insuing isolation from the general population for purposes of 'Safety', often exacerbates mental health conditions such as depression or Gender Dysphoria."

I have already established that my Gender Dysphoria as well as my Depression, stress and anxiety, and my Risk of heart attack and/or stroke have been severely exacerbated by my housing in Pod 4 and my OSR/RH status.

I have met the standard set by the U.S. supreme court in Edmo in that my Right to be free from cruel and unusual punishment under the 8th and 14th amendment have, and at all times herein been violated by the Defendants.

I have also provided additional evidence that my placement on OSR/RH is "atypical and Significant," under Sandin v. Conner, as I'm the only one ever put on OSR/RH for being Transgender or the only one ever put on OSR/RH for Refusing to talk about my crime (a false declaration by the Defendants), and the first one to be put on OSR/RH without some bad act to justify it: I did nothing wrong.

The Defendants have accused me of bad conduct as a reason for keeping me on OSR/RH so I have included 4 exhibits of my conduct while in Pod 4 on the OSR/RH status.

Exhibits CA1, CA2, and CA3, Class started in September 2023 and ended on February 29, 2024

Exhibits CA4, Class started the 1st of March 2024 and lasted till 6/13/24

I've also been in 3 of Mrs Lawrence, Mental Health therapist, Classes for more than a year now but she does not give out Certificates because her classes are on-going weekly Classes with no end Date.

I hereby request this Honorable Court treat this case as one of Special and unique circumstances due to the following facts:

1. The Dismissal of this case rewards the Defendants for all the lies, unsubstantiated innuendos, false and misleading information that contributed to the dismissal of this case.

2. The Conditions and restrictions placed on me by the Defendants are so toxic that I will not be able to continue to function or live much longer without the Courts help. I'm 83, and for the past 6 months have not been able to read fine print (last week the eye doctor told me my vision had gotten really bad and he ordered me new glasses) and its become more difficult for me to breathe, and my depression, stress and anxiety have worsened to the point that I cry every day from the pain and suffering.

3. From all the evidence presented herein it should be absolutely clear that the Defendants have no intention of

Page 8 of 9

ever taking me off CSR/RH status and placing me in General Population. They want me to die down here in 4 Pod.

I hereby request this Honorable Court review and rule on this case accepting all my information as true "Trujello" and my length of time in Segregation 18 months to be atypical and Significant (Id. at HN 53); and that in light of "Foman" should be allowed to Amend, and not held to specific standard at preliminary stage "Bacly" and that my due process rights were violated "State v Sherry" and "Jones v Marquez", and as a Transgender woman suffering from Gender Dysphoria, find that I meet the standards for Cruel and unusual punishment under "EDWO" and for all the information in all my filings and briefs I hereby Request this Honorable Court REINSTATE MY CASE, and allow me TO AMEND MY complaint.

    Respectfully Submitted
    Michelle Renee Faub
    Petitioner pro se

Verification: I have read the foregoing motions and hereby verify that the matters alleged therein are true, except for the matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is True and Correct. Executed at TCF, Topeka, KS, on August 7, 2024   Michelle Renee Faub

## Certificate of Service

I, Michelle Renee Lamb, hereby certify that a true and correct copy of the Petitioners' "Addendum To: Motion For Leave To File An Amended Complaint Showing good cause as to why her "claims" should not be Dismissed", was sent by electronic filing To:

Clerk of the Court, United States District Court For the District of Kansas, Topeka, 444 SE Quincy St., Topeka, Ks. 66603    Dated: 8-09-24

And To,

The Defendants, et al., by U.S. pre paid postage To their Attorney, Natasha M. Carter, KDOC, 714 SW Jackson St., Suite 300, Topeka, Ks 66603    Dated: 8-09-24

Michelle Renee Lamb
128322
Petitioner pro se
Topeka Corr., Facility
815 SE Rice Rd
Topeka, Ks 66607

Page 1 of 1

# Certificate of Achievement

In Recognition of the Successful
Completion of

## Moving On

Presented To:

**Michelle Lamb  128322**

Awarded This Certificate on 6/13/24

*Jennifer Taylor*, Facilitator

# Certificate of Achievement

Awarded to

*Michelle Lamb 128322*

For the successful completion
of

# GROWING THROUGH LOSS

This 23rd day of January, 2024


Jennifer Taylor, RSC



Exhibit CA1

# Certificate of Achievement

Awarded to

## Michelle Lamb  128322

For the successful completion of

**MONEY MANAGEMENT**

This 29th day of February 2024

_Jennifer Taylor, R3C_

# Certificate of Achievement

Awarded to

## Michelle Lamb 128322

For the successful completion
of
**GETTING MOTIVATED TO CHANGE**

This 22nd of January, 2024

_Ms. Taylor, R3C_